UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

          Plaintiff,

v.

DAVID SWARTZ, BRIAN MACKIE,
and STEVE DODGE,

          Defendants.
_____/

CASE NO. 10-13759

NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED
## *IN FORMA PAUPERIS* [Dkt. #2] AND
## SUMMARILY DISMISSING THE COMPLAINT [Dkt. #1]

### I. Introduction

Plaintiff Kyle Brandon Richards is confined at the Washtenaw County Jail in Ann Arbor, Michigan. He has filed a motion to proceed *in forma pauperis* and a *pro se* civil rights complaint against Judge David Swartz, prosecuting attorney Brian Mackie, and defense attorney Steve Dodge. The complaint alleges that defendant Brian Mackie prosecuted Plaintiff, that defendant David Swartz presided over the trial, and that defendant Steve Dodge was the defense attorney.

Plaintiff has been convicted of assaulting a correctional employee. He claims that he was promised a penalty of no more than one year in jail, but, contrary to the plea and sentencing agreement, he was sentenced to three years of probation in addition to one year in jail. Plaintiff contends that Judge Swartz and prosecutor Mackie did not fulfill their promises and that attorney Dodge refused to object to the probationary sentence. Plaintiff

also alleges that Judge Swartz refuses to address the issue or to respond to Plaintiff's motions. Plaintiff seeks a reversal of his conviction on the basis that the defendants committed a fraud, conspired against him, and coerced a conviction.

## II. The Motion to Proceed *In Forma Pauperis* and the Standard of Review

Due to his poverty, the Court has granted Plaintiff's application to proceed without prepayment of the fees and costs for this action. *See* Dkt. #5 and #6. To the extent that Plaintiff seeks to waive the filing fee, his motion to proceed *in forma pauperis* [Dkt. #2] is **DENIED**. Prisoners are required to pay the full amount of the filing fee even though they are not required to prepay the fee; they may fulfill their financial obligation by paying the filing fee on an installment basis. 28 U.S.C. § 1915(b)(1) and (2).

The Court may dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint or any portion of it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual

allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 550 U.S. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

### III. Discussion

Plaintiff's complaint lacks an arguable basis in law because it challenges his conviction and incarceration. His allegations would be more appropriate in a habeas corpus petition, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 & 499 n. 14, 93 S. Ct. 1827, 1841 & 1841 n.14, 36 L. Ed. 2d 439 (1973). Plaintiff has no right to money damages unless the judgment holding him in custody has been reversed, expunged, or invalidated by state officials or impugned by a federal court on habeas corpus review. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). *Heck* and progeny, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) (emphasis in original).

Plaintiff has not alleged that his conviction was invalidated by state officials or

3

impugned by federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of his conviction and sentence. Therefore, his claims are not cognizable in this civil rights action.

Furthermore, defense attorneys, whether retained or appointed by the court, do not act under color of law merely by representing their clients, *Hefley v. Bruch*, 276 F. App'x. 506, 507 (7th Cir. 2008), and judges enjoy immunity from a suit for injunctive relief, 42 U.S.C. § 1983. The Court cannot compel Judge Swartz to address Plaintiff's concerns or to rule on his motions because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970). For these additional reasons, Plaintiff has no right to relief from Judge Swartz and defense attorney Steve Dodge.

## IV. Conclusion

Plaintiff's claims are frivolous and fail to state a claim for which relief may be granted. Accordingly, the complaint [Dkt. #1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he chooses to file an appeal. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Nancy G. Edmunds

.........................................
Nancy G. Edmunds
United States District Judge

Dated: October 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2010, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager